Fred J. HERMES, Plaintiff–Appellant,

v.

SECRETARY OF HEALTH & HUMAN SERVICES; Social Security Administration, Defendants–Appellees.

No. 90–15448.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 14, 1990.

Memorandum Jan. 7, 1991.

Order and Opinion Feb. 21, 1991.

Fred J. Hermes, San Francisco, Cal., pro se.

Joseph Stein, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendants-appellees.

Before SNEED, SCHROEDER and CANBY, Circuit Judges.

## ORDER

The memorandum disposition filed January 7, 1991, is redesignated as an authored opinion by Judge Sneed.

## OPINION

SNEED, Circuit Judge:

Plaintiff seeks an order reversing the final decision of the Secretary of Health and Human Services (Secretary) denying his claim for social security retirement insurance benefits under Title II of the Social Security Act. Appellant's sole contention is that the administrative law judge (ALJ) wrongly concluded that his date of birth was November 21, 1928 rather than May 25, 1925. The district court upheld the Secretary's finding. We affirm.

The decision of a district judge granting summary judgment is reviewed de novo. *See Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). The panel's review is governed by the same standard used by the trial court. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986). The Secretary's decision should only be disturbed "if it is not supported by substantial evidence or it is based on legal error." *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir.1986). When the evidence as a whole can support either outcome, the court may not substitute its judgment for that of the ALJ's. *See Key v. Heckler*, 754 F.2d 1545, 1548 (9th Cir.1985).

Appellant filed an application for social security retirement insurance benefits on November 30, 1987. The Social Security Administration (SSA) denied appellant's claim initially, and again after reconsideration, on the ground that appellant was born on November 21, 1928 and at the time of application had not yet reached the age of 62. Plaintiff appealed the denial and the ALJ heard the case de novo. Appellant testified before the ALJ on January 1, 1989. On March 21, 1989, the ALJ issued her decision and concluded that appellant was born on November 21, 1928. This determination became the "final decision" of the Secretary when the Appeals Council denied appellant's request for review of the ALJ's decision on August 10, 1989.

Appellant filed this action in district court on September 28, 1989. On April 2, 1990, upon cross-motions for summary judgment, the district court, as already indicated, ruled in favor of the Secretary after concluding that appellant's date of birth was November 21, 1928.

The appellant produced an entire series of documents indicating numerous birth dates between 1925 and 1930. A table detailing the various records, the birth dates they indicate, and the time they were recorded, can be found below. Appellant admitted in his hearing before the ALJ that he had listed the various birth dates. He testified that he never intended to defraud anyone but that he simply wanted to appear younger.

Table of Possible Birth Dates for Fred J. Hermes

| Document | Date Established | Age or Date of Birth Recorded |
|---|---|---|
| SSA Record | December 1953 | May 14, 1927 |
| College Record | Feb. 1954 | Nov. 21, 1928 |
| Marriage Certificate | Jan. 25, 1960 | Age 31/DOB 1928 |
| SSA Record | Jan. 1961 | Nov. 21, 1928 |
| Divorce Action Questionnaire | July 5, 1962 | Age 32/DOB 1929–30 |
| Law School Record | Sept. 24, 1962 | Nov. 21, 1929 |
| Certificate of Naturalization | Oct. 19, 1965 | Nov. 21, 1928 |
| State Bar Application | 1966 | Nov. 21, 1930 |
| Life Insurance Application | Aug. 20, 1967 | Nov. 21, 1930 |
| Certificate of Birth | Feb. 16, 1981 | May 25, 1925 |
| Driver's License | Oct. 10, 1985 | Nov. 21, 1929 |
| Insurance Card | Prior to Oct.1987 | May 1925 |
| Personnel Document | Feb. 17, 1988 | May 21, 1925 |
| Kanon Affidavit (distant relative & friend) | March 23, 1988 | Early 1920s |
| Hermes Declaration | Jan. 26, 1989 | May 1925 |

Appellant argued that he was born in 1925. He placed great emphasis on his religious birth record obtained from Iraq in 1981. This record shows a baptismal date of November 21, 1925 and a birth date of May 21, 1925. The document was recorded on February 16, 1981. Normally, a birth record is classified as "preferred evidence." The regulations on preferred evidence provide that:

> The best evidence of your age, if you can obtain it, is either: a birth certificate or hospital birth record recorded before age 5; or a religious record which shows your date of birth and was recorded before age 5.

20 C.F.R. § 404.716(a) (1990). If a birth record meets these criteria, it is generally considered convincing. See 20 C.F.R. § 404.709 (1990).

The ALJ and district court both concluded that the Iraqi birth record was not preferred evidence. We agree. The birth record was not recorded within five years of appellant's birth. Moreover, § 00307.540 of the Social Security Administration's Operations Manual System (POMS) cautions against the use of religious records from Iraq.

> Religious records from all sources within Iraq are highly suspect. This includes religious records secured by or through churches in the U.S. from reli-

gious authorities in Iraq. Many Iraqi churches do not have records for older persons, or where such records do exist, they are in such poor condition as to be unusable. Experience has shown that religious authorities have issued certificates for events which occurred in other parishes or countries, for events for which there are no records, based on the statements of interested parties even where they conflicted with existing records, or because the individual appeared old and/or in need.[1]

See Certified Record at 111–12. The ALJ and district court, doubting the reliability of this record, were entitled to examine the additional evidence. See 20 C.F.R. § 404.709 (1990).

The ALJ carefully reviewed the other evidence. The court concluded that the oldest evidence of the appellant's age or date of birth, which could be corroborated, would have the greatest probative value. In determining the probative value of documents submitted as proof of age "consideration will be given to when such other documents were established or recorded, and the circumstances attending their establishment or recordation." 20 C.F.R. § 416.803 (1990).

The oldest evidence, the SSA record of December 1953, contained a birth date that

---

1. POMS is a policy manual and, therefore, does not have the force and effect of law. It is, nevertheless, persuasive. See Evelyn v. Schweiker, 685 F.2d 351, 352 n. 5 (9th Cir.1982).

could not be corroborated. The court turned to the next oldest piece of evidence, the claimant's college record, which indicated a birth date of November 21, 1928. Finding that this was further corroborated by the claimant's marriage certificate, a later SSA record, and his certificate of naturalization, the ALJ properly concluded that the claimant's birth date was November 21, 1928.

The five pieces of evidence that support a birth date in 1925 were recorded just previous to, or after, appellant filed his application for benefits. This is too recent to overcome the force of the older evidence. The ALJ and the Secretary clearly were entitled to accord greater weight to the documentation that was recorded many years earlier.

Although the evidence supports several possible birth dates, an examination of this evidence in its entirety demonstrates that the Secretary's decision was supported by substantial evidence and was free of legal error. Where there is substantial evidence to support the decision made by the ALJ, as well as evidence to support a contrary determination, this court will not substitute its judgment for that of the ALJ. *See Key v. Heckler*, 754 F.2d at 1549.

AFFIRMED.