944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Avetis EGINYAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-55612.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1991.*
Decided Sept. 18, 1991.
 
 Before D.W. NELSON, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Avetis Eginyan appeals the district court's summary judgment upholding the Secretary of Health and Human Service's denial of his application for disability benefits. The Administrative Law Judge ("ALJ") found Eginyan ineligible for benefits because he concluded that Eginyan retained the residual functional capacity to perform his past work. The district court determined the ALJ's finding was supported by substantial evidence and affirmed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * We review the district court's grant of summary judgment de novo. Hermes v. Secretary of Health & Human Servs., 926 F.2d 789, 790 (9th Cir.1991). "The Secretary's denial of benefits will be affirmed if 'supported by substantial evidence and the Secretary applied the correct legal standards.' " Wainwright v. Secretary of Health and Human Servs., No. 90-55021, slip op. 9241, 9245 (9th Cir. July 23, 1991) (quoting Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir.1990)). In deciding whether there is substantial evidence that supports the denial of benefits, we are required to review the administrative record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. Gonzalez, 914 F.2d at 1200.
 
 II
 
 4
 The ALJ confronted conflicting medical reports. He elected to adopt the opinions of those doctors who found Eginyan not totally disabled. We must accept the ALJ's choice among the conflicting medical opinions, because resolving such conflicts is solely the province of the Secretary.[1] Magallanes at 751; Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982). Although Eginyan did present medical reports that substantiated his claims of disability, the ALJ opted to accept the opinions of three examining physicians, Drs. Lavi, Imani and Feldman, none of whom found Eginyan totally disabled. Their medical reports support the ALJ's determination that Eginyan was capable of doing low-stress work, and therefore retained some residual capacity for employment. See 20 C.F.R. § 416.945 (1990) (governing residual capacity).
 
 
 5
 The ALJ further found that Eginyan lacked credibility as a witness because of inconsistencies in his testimony at the hearing and between his testimony and prior statements. For instance, he initially claimed he could not read or write, but later stated that he needed glasses for reading. At one point he claimed he could not walk more than a couple of blocks at a time, though he had told his doctor that he spent his days walking around town, buying groceries and doing other chores. In his initial request for benefits, Eginyan said he was suffering from back pains and mental problems. At the hearing, however, he testified that he was disabled because of leg and hand pains. The ALJ properly considered these inconsistencies in finding Eginyan not credible. See Fair v. Bowen, 885 F.2d 597, 604 n. 5 (9th Cir.1989).
 
 
 6
 Because we conclude that the ALJ acted properly in making credibility determinations and resolving disputes in medical evidence, we affirm the grant of summary judgment in favor of the Secretary.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Eginyan maintains that added deference was owed to the report of Dr. Gevorkian, one of his doctors, because Gevorkian was his treating physician. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989) (greater weight afforded to opinion of treating physician). However, Gevorkian cannot be considered Eginyan's treating physician because Gevorkian had examined him only twice, at an interval of one and one half years