947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lusine KHARMANDARYAN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-55770.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 28, 1991.*
Decided Oct. 28, 1991.
 
 Before D.W. NELSON, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lusine Kharmandaryan appeals from the district court's affirmance of the Secretary's denial of her application for Supplemental Security Income ("SSI"). We affirm.
 
 
 3
 * Kharmandaryan applied for benefits on August 1, 1986. After a hearing, the Administrative Law Judge ("ALJ") ruled that Kharmandaryan was not disabled. Kharmandaryan requested review of this decision by the Appeals Council, which remanded for further consideration of Kharmandaryan's mental impairment and allegations of pain.
 
 
 4
 After a second hearing the ALJ again issued an unfavorable decision. This second decision was also reviewed by the Appeals Council. In June 1989, the Appeals Council issued a final decision denying benefits.
 
 
 5
 Kharmandaryan then filed this action for judicial review. In May 1990, the district court granted summary judgment in favor of the Secretary. Kharmandaryan filed this timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 II
 
 6
 We review the district court's grant of summary judgment de novo. Hermes v. Secretary of Health & Human Servs., 926 F.2d 789, 790 (9th Cir.1991). We must affirm if the findings are supported by substantial evidence and the Secretary applied the correct legal standards. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir.1990). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). In determining whether the findings are supported by substantial evidence we must examine the administrative record as a whole, considering both evidence that supports and evidence that detracts from the Secretary's conclusions. Gonzalez, 914 F.2d at 1200.
 
 III
 
 7
 In her application for benefits, Kharmandaryan asserted that she was disabled due to hypertension, anxiety, depression, migraine headaches, and chest pain. Conflicting medical testimony regarding her condition was presented to the Secretary.
 
 
 8
 A letter from Dr. Haroutunian, her treating physician, stated that Kharmandaryan was permanently disabled by hypertension, migraine headaches, and anxiety depression. Dr. Munford, a psychologist, gave a diagnostic impression of major depression. It was his opinion that Kharmandaryan was disabled. Dr. Miles also gave a diagnostic impression of major depression.
 
 
 9
 On the other hand, Dr. Cagan found only mild psychiatric symptoms. Dr. Nafoosi observed that, although Kharmandaryan was not on any medication at the time of his examination, her blood pressure fell within normal limits. Dr. Kevorkian, another treating physician, recorded elevated blood pressure but opined that Kharmandaryan would be able to return to work in six months. Dr. Yetenakian reported that, despite her low scores on an IQ test, Kharmandaryan was functioning near normal with respect to verbal skills and the ability to organize her thoughts. He stated that Kharmandaryan could be considered temporarily disabled, but also said that she might benefit from part-time employment.
 
 
 10
 Resolution of conflicts in the medical testimony is the province of the ALJ. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). Having considered all the medical evidence, the ALJ determined that, although Kharmandaryan suffered from headaches and depression, she was not permanently disabled. That determination is supported by substantial evidence in the record.
 
 
 11
 Kharmandaryan argues that the Secretary improperly rejected her claim of disabling mental retardation. Regulations in effect at the time of the Secretary's final decision provided that disability by reason of mental retardation could be established by showing:
 
 
 12
 A valid verbal, performance, or full scale IQ of 60 to 69 inclusive and a physical or other mental impairment imposing additional and significant work-related limitation of function[.]
 
 
 13
 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05C (1990).
 
 
 14
 Although Dr. Yetenakian reported that claimant's verbal IQ was 67 and her full scale IQ was 68, the ALJ found no other significant physical or mental impairment. As explained above, that conclusion was supported by substantial evidence. Therefore, the Secretary acted within his discretion in determining that Kharmandaryan did not meet the requirements of section 12.05C.
 
 
 15
 Kharmandaryan also complains that the hypothetical question posed to the vocational expert at the second hearing excluded some of her claimed impairments. However, the ALJ set forth specific findings rejecting those impairments. The hypothetical question was not improper. See Copeland v. Brown, 861 F.2d 536, 540 (9th Cir.1988).
 
 IV
 
 16
 Because the Secretary's determination that Kharmandaryan is not disabled is supported by substantial evidence in the record and was rendered according to the appropriate legal standards, we affirm the grant of summary judgment in favor of the Secretary.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3