990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chenh KALAH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 91-16472.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1993.*
Decided March 25, 1993.
 
 Before: NORRIS, HALL, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Chenh Kalah was denied social security income benefits by an administrative law judge. She filed suit, maintaining that the ALJ's findings were not supported by substantial evidence. The district court denied her motion for summary judgment and granted summary judgment for the Secretary. We affirm.
 
 
 3
 We will disturb the Secretary's decision only "if it is not supported by substantial evidence or it is based on legal error. When the evidence as a whole can support either outcome, the court may not substitute its judgment for that of the ALJ's." Hermes v. Sec. of Health & Human Services, 926 F.2d 789, 790 (9th Cir.), cert. denied, 112 S.Ct. 71 (1991) (internal citations and quotations omitted). Appellant claims that the Secretary's decision was not supported by substantial evidence because the Secretary did not give proper weight to the testimony of Dr. Edward Tsuo-Pin Lin, appellant's treating physician. We disagree.
 
 
 4
 While the conclusions of the treating physician are accorded special weight, they are not themselves determinative. In cases with conflicting medical opinions, the ALJ, not this court, is responsible for "determining credibility and resolving conflicts in medical testimony." Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). In this case, the ALJ questioned Lin's evaluation. The ALJ found that many of Lin's conclusions were unsupported by clinical or diagnostic findings and that Lin's psychiatric evaluation was suspect because he is not a psychiatrist. The ALJ instead relied on the testimony of Dr. England, who found that some of appellant's complaints were "anatomically impossible" and concluded that "[e]ven though this patient complains of multiple problems, there is little in the way of physical examination which would give credence to what she is stating." The ALJ also credited the testimony of Dr. Kobashigawa, a psychiatrist who concluded that while appellant "currently probably could not do a day's work," she might be able to work after attending adult school.
 
 
 5
 In sum, this is a case in which "[t]he medical evidence presented perhaps would permit a reasonable mind to make a finding of disability. It also would permit a finding of no disability." Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir.1985). In such cases, "we must affirm the decision actually made." Id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3