15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bonnie GEORGE, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 020894.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1994.*
Decided Feb. 8, 1994.
 
 1
 Before: GOODWIN, WIGGINS, and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Bonnie George appeals the district court's grant of a motion for summary judgment to the Secretary of Health and Human Services (Secretary). The Secretary found that George was not disabled because she retained a capacity to perform light work, and denied her social security disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 4
 George, who is 52 years old, worked for a total of 15 years as a grocery store checker and a salesclerk. George stopped working when she was 45 years old. She has a ninth or eleventh grade education. She is left-handed. She had been experiencing pain in her left wrist and left arm since 1981. The pain appears to have then spread to her left shoulder, left leg, neck and back. In addition, she was in a car accident in 1988. After the accident, she began having headaches and experiencing numbness in her right arm and lower back. Beginning in 1981, George consulted with several doctors about her pain. She was treated with traction, physical therapy, three surgeries, and many medications. George received several diagnoses of disease or injury.
 
 
 5
 There is disagreement as to what extent George's problems still persist. An orthopedic surgeon who examined George in 1987 and 1988 found that she "was able to do normal [non-strenuous] activities without significant symptoms" and "did not require pain medication." In addition, the orthopedic surgeon and a neurologist found that George's cervical spine movements were performed fully in all directions with no limitation. The orthopedic surgeon's examination also revealed a normal range of motion in the elbow, forearm, wrist and hand in 1988. Moreover, three additional doctors conducted tests between 1988 and 1990 which generally confirmed the evaluations of the neurologist and the orthopedic surgeon.
 
 
 6
 On April 13, 1988, George filed an application for social security disability insurance benefits under Title II of the Social Security Act.[1] George submitted with her application her doctors' reports which documented her several diseases or injuries. She alleged that she became disabled as of March 15, 1986. The Social Security Administration (SSA) found that she was not disabled and was thus not eligible for disability benefits. Specifically, the SSA determined that George suffered a physical impairment in her left wrist, left hand and left arm, but that she retained the ability to perform light jobs which did not require significant use of her left wrist, left hand or left arm. George requested de novo review by an administrative law judge (ALJ).
 
 
 7
 At the administrative hearing, George testified that she suffered pain in her left shoulder "most of the time," but that her wrist no longer hurt. In addition, she reported that standing, walking and sitting caused her pain. She further testified that the pain caused her to have problems concentrating. She asserted that she was no longer able to do a variety of household chores, but conceded that she could do some cooking, shopping, reading, and watching television.
 
 
 8
 The ALJ affirmed, but the Appeals Council remanded for further proceedings. At a second hearing, a vocational expert testified that George had skills which were transferable to a significant number of jobs which existed in her geographical area, such as general clerk or credit-card customer service representative. None of the identified jobs would require repetitive pulling, pushing, grasping or turning. The vocational expert also testified, however, that a hypothetical person with an inability to concentrate would not be able to perform such jobs. The ALJ again found that George was not disabled and was thus not entitled to disability benefits. The ALJ found that George retained the capacity to perform a limited range of light work, including those jobs identified by the vocational expert. The ALJ's ruling became the final decision of the Secretary.
 
 DISCUSSION
 
 9
 We review de novo the district court's grant of a motion for summary judgment. Hermes v. Sullivan, Secretary of HHS, 926 F.2d 789, 790 (9th Cir.), cert. denied, 112 S.Ct. 71 (1991). In reviewing de novo, we will "set aside a denial of benefits only if the Secretary's findings are based upon legal error or are not supported by substantial evidence in the record as a whole." Kail v. Heckler, Secretary of HHS, 722 F.2d 1496, 1497 (9th Cir.1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, Secretary of HEW v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 1. Subjective Complaints of Pain
 
 10
 The Secretary properly discounted George's allegations of pain. See Bunnell v. Sullivan, Secretary of HHS, 947 F.2d 341 (9th Cir.1991) (en banc). The Secretary minimized George's complaints only after making specific findings discrediting them. See Murray v. Heckler, Secretary of HHS, 722 F.2d 499, 502 (9th Cir.1983). Furthermore, the Secretary's findings are supported by substantial evidence. First, while there was ample objective medical evidence that she once suffered pain resulting from various diseases or injuries, there was an absence of objective medical evidence that she continues to suffer pain.
 
 
 11
 Second, there is a definite absence of objective medical evidence that she would incur pain by performing any of the jobs identified by the vocational expert. See Fair v. Bowen, Secretary of HHS, 885 F.2d 597, 603 (9th Cir.1989). Third, George is able to conduct some normal daily activities, which suggests that she can do light work. See Fair, 885 F.2d at 603. Finally, and most importantly, "[c]redibility determinations are the province of the ALJ." Fair, 885 F.2d at 604.
 
 2. Inability to Concentrate
 
 12
 The Secretary properly discounted George's allegations that she was unable to concentrate due to pain. The Secretary's finding is supported by substantial evidence. First, the Secretary had already found George's testimony regarding the underlying pain to be not credible. Second, the psychologist did not report any problem with concentration. See Miller v. Heckler, Secretary of HHS, 770 F.2d 845, 849 (9th Cir.1985).
 
 
 13
 Third, the Secretary ultimately concluded only that George was able to perform those jobs which would accommodate George's limitations. Presumably a job specifically selected to accommodate George's limitations would cause her minimal pain, and thus minimal interference with her ability to concentrate.
 
 
 14
 Finally, the doctors' reports George introduced documented only her injuries or diseases. The reports indicated neither that she was unable to perform the jobs identified by the vocational expert, nor that she was unable to concentrate because of pain. Sample v. Schweiker, Secretary of HHS, 694 F.2d 639, 643-44 (9th Cir.1982).
 
 3. Vocational Expert Testimony
 
 15
 The ALJ's reliance on the vocational expert was proper. See Magallanes v. Bowen, Secretary of HHS, 881 F.2d 747, 756-57 (9th Cir.1989); Copeland v. Bowen, Secretary of HHS, 861 F.2d 536, 540-41 (9th Cir.1988); Martinez v. Heckler, Secretary of HHS, 807 F.2d 771, 774 (9th Cir.1986). The ALJ formulated his hypothetical questions so as to reflect the substantial evidence of record. See Magallanes, 881 F.2d at 756-57. The ALJ was not required to include all of George's subjective complaints in the hypothetical questions he posed to the vocational expert. See Magallanes, 881 F.2d at 756-57. Specifically, the Secretary properly excluded those of George's subjective complaints which the Secretary had already rejected as not credible or not supported by the evidence. See Magallanes, 881 F.2d at 756-57.
 
 CONCLUSION
 
 16
 For the foregoing reasons, we affirm. The Secretary properly discounted George's allegations of pain and resulting inability to concentrate, and properly relied on the testimony of the vocational expert. The district court properly granted the Secretary's motion for summary judgment because there was substantial evidence that George was not disabled.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 An applicant whose disability renders her unable to engage in substantial gainful work is entitled to social security disability insurance benefits
 "Disability" is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. Secs. 416(i)(1)(A), 423(d)(1)(A).
 An "inability to engage in any substantial gainful activity" occurs where an applicant's "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work." 42 U.S.C. Sec. 423(d)(2)(A).
 A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Sec. 423(d)(3).