MEMORANDUM **
Judith Williams appeals the grant of summary judgment by the district court. The district court affirmed the Administrative Law Judge’s (ALJ’s) denial of Williams’s claim for Social Security Widow’s Insurance Benefits under Title II of the Social Security Act. “We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error.” Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir.2006). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
An applicant seeking widow’s insurance benefits must show that she was married for nine months prior to the wage earner’s death. See 42 U.S.C. § 402(e); § 416(c)(1). Here, Williams was married on April 16, 2004. Williams’s husband died on January 11, 2005. The ALJ determined that Williams was not married for the required nine months by applying calendar months. The ALJ’s definition of the term “month” is reasonable. See Lagandaon v. Ashcroft, 383 F.3d 983, 990-91 (9th Cir.2004) (noting that “common law legal systems have long reckoned periods of legal significance by the calendar, not by the clock”). We therefore find that the ALJ’s determination that Williams was not married for the requisite time period was supported by substantial evidence in the record.
Additionally, the ALJ’s definition of the term “month” is consistent with the Social Security Administration’s Program Operation Manual System (POMS) definition, which provides for a calendar month. See POMS GN 00305.100, available at https:// secure.ssa.gov/appslO/poms.nsf/lnx/ 0200305100!opendocument. While the POMS does not have the force and effect of law, it is nevertheless persuasive and entitled to respect under Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944). See Christensen v. Harris County, 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000); Hermes v. Sec’y of Health & Human Servs., 926 F.2d 789, 791 n. 1 (9th Cir.1991).
Williams asserts that the term “month” should be defined as thirty days rather than a calendar month. However, Williams cites no applicable authority to support this argument or the conclusion that the ALJ’s determination was unreasonable and/or not supported by substantial evidence.
Williams also argues that she was entitled to widow’s benefits because California law recognizes her as a widow. We disagree. While Social Security regulations use state law to determine the rela *620 tionship as the insured’s widow, see 20 C.F.R. § 404.345, no law or regulation excuses the noncompliance with the nine-month duration-of-marriage requirement of 42 U.S.C. § 416(c).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.