**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| RICHARD HOFF, | No.    14-16291 |
|---|---|
| Plaintiff-Appellant, | DC No. 3:13 cv-05558 MEJ |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted June 16, 2016
San Francisco, California

Before:     SCHROEDER, TASHIMA, and OWENS, Circuit Judges.

Richard Hoff appeals from the judgment of the district court, which affirmed

the Social Security Administration's ("SSA") reduction of his supplemental

security income ("SSI") benefits.  An administrative law judge ("ALJ") concluded

that because Hoff failed to pay his pro rata share of the total monthly household

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

operating expenses, he received in-kind support and maintenance, triggering a reduction in SSI benefits. *See* 20 C.F.R. §§ 416.1130, 416.1133(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    Hoff argues that although he did not pay for his half of the household expenses in cash, he still met his pro rata share by contributing goods (such as firewood) and services (such as repairing the roof). The ALJ properly rejected Hoff's argument. Household operating expenses are defined as "the household's total monthly expenditures for food, rent, mortgage, property taxes, heating fuel, gas, electricity, water, sewerage, and garbage collection service." 20 C.F.R. § 416.1133(c). The SSA's Program Operations Manual System ("POMS") provides: "An individual's contribution equals the average amount of *cash* he/she spends on household operating expenses." POMS SI 00835.020 (B.3) (emphasis added); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006) ("The POMS does not have the force of law, but it is persuasive authority." (citing *Hermes v. Sec'y of Health & Human Servs.*, 926 F.2d 789, 791 n.1 (9th Cir. 1991))). The POMS explicitly excludes "[s]ervices and goods traded in return for food and shelter" as contribution towards the pro rata share. POMS SI 00835.020 (B.3); *see also* POMS SI 00835.480 (C) (same). Accordingly, the ALJ

did not err in rejecting Hoff's provision of firewood and household services as contribution towards his pro rata share of household expenses.

2.      Hoff also contends that the ALJ erred by failing to consider his rebuttal evidence of the actual value of his shelter.  Under the presumed value rule, a claimant may rebut the presumption that the in-kind support and maintenance is worth one-third the federal benefit rate by showing that the actual value of that in-kind support and maintenance is less than the presumed one-third value.  20 C.F.R. § 416.1140(a)(2).  The actual value of shelter is determined based on "the current market value . . . minus any payment [the claimant] make[s] for [it]." *Id.* Hoff's argument concerning what a renter would pay on the open market for his living situation is irrelevant because Hoff, a co-owner of the house, received in-kind support and maintenance in the form of *mortgage payments*, not rent.  Hoff has not submitted any evidence that he and his co-owner did not have an equal ownership in the house or that they were not equally responsible for paying the mortgage.  Thus, Hoff has failed to rebut the application of the presumed value.

        **AFFIRMED.**