**Erna E. NEWTON, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Resources, Defendant.**

**No. CV 93–1066–PA.**

United States District Court,
D. Oregon.

June 13, 1994.

Erna E. Newton, plaintiff pro se.

Jack C. Wong, Craig J. Casey, Asst. U.S. Attys., Portland, OR, Kathryn A. Warma, Sp. Asst. U.S. Atty., Seattle, WA, for defendant.

298

## OPINION

PANNER, District Judge.

Plaintiff Erna E. Newton brings this action under the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Secretary of Health and Human Services (the Secretary). Plaintiff contends that the Secretary incorrectly applied the Windfall Elimination Provision, 42 U.S.C. § 415(a)(7), to reduce her old-age insurance benefits. I affirm Secretary's decision.

## BACKGROUND

Plaintiff was born on September 1, 1926, in Königsberg, East Prussia. She worked in Germany from at least January 1945 until 1952. She came to the United States in 1952 and became a United States citizen on March 16, 1954. She worked in the United States from 1952 to 1977.

In 1977, plaintiff returned to Germany and worked there until August 1985. She worked in the United States from 1985 to 1991.

Plaintiff received 65% of her salary from her former German employer until January 31, 1987. Effective February 1, 1987, plaintiff began receiving a pension of 656.10 marks per month from Germany. The German pension benefits were based on plaintiff's employment in Germany, a total of 16.58 insurance years.

On June 25, 1991, plaintiff applied for United States old-age insurance benefits. On August 18, 1991, the Secretary determined that plaintiff's monthly benefits would be about $457, effective June 1991. Because of plaintiff's German pension benefits, the Secretary calculated plaintiff's benefits under the Windfall Elimination Provision, reducing her Social Security benefits by about $110.

Plaintiff requested reconsideration, contending that the Windfall Elimination Provision did not apply. After reconsideration was denied, an administrative law judge (ALJ) held a hearing on plaintiff's claims. On March 16, 1992, the ALJ concluded that the Secretary had correctly calculated plaintiff's benefits. After accepting review, on July 9, 1993, the Appeals Council concluded that plaintiff was subject to the Windfall Elimination Provision.

## STANDARDS

The court may set aside the Secretary's denial of benefits if the denial is based on legal error or is not supported by substantial evidence in the record as a whole. *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir.1991). Substantial evidence is "more than a mere scintilla" but "less than a preponderance." *Id.* (citations omitted). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir.1986).

Because it is the Secretary's job to apply the Social Security Act, the court "must give considerable weight to the Secretary's construction of the Act." *Das v. Department of Health & Human Servs.*, 17 F.3d 1250, 1254 (9th Cir.1994). The court must accept the Secretary's construction if it is reasonable. *Id.*

## DISCUSSION

I. The Windfall Elimination Provision

The Windfall Elimination Provision applies to retirees who are eligible for both Social Security old-age benefits and benefits under another pension plan. Congress wanted to prevent such retirees from receiving disproportionately high Social Security benefits. *See Johns v. Sullivan*, No. 90–P–1587–S, 1991 WL 284081, at *1 (N.D.Ala. Feb. 20, 1991) (noting "the statutory intent to eliminate so-called 'double-dipping' ").

The Windfall Elimination Provision applies to "an individual ... who [1] attains age 62 after 1985 ... and who [2] first becomes eligible after 1985 for a monthly periodic payment ... which is based in whole or in part upon his or her earnings for service which did not constitute 'employment' [i.e., earnings not subject to Social Security tax]." 42 U.S.C. § 415(a)(7)(A). The Provision does not apply to individuals with 30 or more years of Social Security coverage. *Id.* at § 415(a)(7)(D).

Plaintiff meets the statute's first condition because she was not 62 years old until 1988. Plaintiff contends that she does not meet the statute's second condition, eligibility for a non-Social Security pension after 1985, and that she is exempt because she has 30 years of coverage.

## II. Plaintiff Is Not Eligible for Totalized Benefits

■ A foreign pension may subject a retiree to the Windfall Elimination Provision. 20 C.F.R. § 404.213(a)(3) ("Noncovered employment includes employment outside the United States which is not covered under the United States Social Security system."). However, plaintiff contends that Germany's "totalization" treaty with the United States places German pensions outside the statute's reach.

■ Under the United States' totalization treaty with Germany, a person who has worked in the United States and Germany and does not qualify for Social Security coverage may add German credits to create eligibility. *See* U.S. Department of Health and Human Services, *Agreement on Social Security Between the United States and Germany* (SSA Publ. No. 05–10715) (June 1990) (Agreement). However, German credits may be added to claimant's United States credits only if the claimant "has **at least 6** quarters of U.S. coverage **but not enough to be insured** for regular U.S. benefits." Programs Operation Manual System (POMS) § 01707.120(A) (POMS is the Secretary's procedural manual) (original boldface); *see also* POMS GN § 01701.105 (to be eligible for totalization benefits, a claimant must "not be insured for benefits based on U.S. coverage alone"). Because plaintiff has enough United States earnings to qualify for United States coverage, she cannot receive totalized benefits under the treaty.

The regulation implementing the Windfall Elimination Provision at first glance appears to favor plaintiff. It provides that "no reduction resulting from entitlement to a pension based on employment covered by a totalization agreement ... will be made in the computation of a totalized benefit." 20 C.F.R. § 404.213(a)(3). However, because plaintiff is not eligible for totalized benefits, there is no "computation of a totalized benefit."

## III. Plaintiff Was Not Eligible for German Benefits Before 1986

■ Plaintiff next argues that she became eligible for German old-age benefits before 1986. In this context, "eligibility" means that a person "satisfies all the prerequisites" to the payment of benefits. *Das,* 17 F.3d at 1253.

The record contains several documents describing the eligibility to German pension benefits. Most of the pensions available to plaintiff required that she be at least 60 years old before she could receive benefits. *See* Agreement at 12. Plaintiff was not eligible for such plans before September 1986.

Plaintiff cites a letter she received from the German Federal Insurance Institute for Salaried Employees (Bundesversicherungsanstalt für Angestellte, or BfA). The letter states that a German woman may be eligible for a retirement pension if she is 40 years old with more than 10 years of compulsory payments. Plaintiff contends that under this plan, she was eligible for benefits as early as 1966, when she was 40 years old. This assertion appears to contradict a 1985 letter from plaintiff's German employer, stating that plaintiff would not be eligible for a German pension until she was at least 60 years old. Tr. 76. However, I will assume that the pension for 40–year–old women could apply to plaintiff.

The BfA letter also states that to receive benefits, the woman must not be employed. Plaintiff states that "by choice, [she] did not apply for the retirement benefits until a later date, receiving a partial salary from her German employer through January 31, 1987." Plaintiff's Memorandum of Feb. 17, 1994, at —— (second page).

Plaintiff's ability to control her eligibility for pension benefits by ceasing employment distinguishes her situation from *Das.* In *Das,* the plaintiff had no control over his eligibility. His non-Social Security pension required that he be 62 years old, and he did not turn 62 until after 1985.

I conclude that this distinction is not important. The test for eligibility requires that the person satisfy all prerequisites for payment of benefits. Assuming that plaintiff could have received German retirement benefits before reaching the age of 60, the BfA letter shows that plaintiff was not eligible to receive those benefits until she stopped receiving a salary from her German employer.

### IV. Plaintiff Did Not Have 30 Years of Coverage

Plaintiff also argues that she is exempt from the Windfall Elimination Provision because she has worked more than 30 years under the United States system. *See* 42 U.S.C. § 415(a)(7)(D). However, the Secretary does not use calendar years alone to calculate years of coverage. *See id.* at § 415(a)(1)(C)(ii); 20 C.F.R. § 404.261(a). I conclude that the Secretary's determination that plaintiff has 24 years of coverage is supported by substantial evidence.

### V. Other Arguments

Plaintiff claims that application of the Windfall Elimination Provision violates her Fifth Amendment equal protection rights because the reduction does not apply to "retirees whose additional incomes ... are derived from other sources than direct work related earnings and earnings from other pensions." The Ninth Circuit rejected a similar argument in *Das*, holding that the Windfall Elimination Provision "is rationally related to the achievement of legitimate goals." 17 F.3d at 1255.

■ Plaintiff also seeks damages for alleged violations of her civil rights. She contends that defendant's employees falsely accused her of attempting to commit fraud. I lack subject matter jurisdiction over this claim. Such claims are not properly brought in an action for judicial review of the Secretary's decision. The Federal Tort Claims Act, which governs most actions for damages against government employees, does not grant jurisdiction over libel claims when the employees were acting within the scope of their employment. *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 742–43 (9th Cir.1991) (citing 28 U.S.C. § 2680(h)).

In addition, there is no evidence that plaintiff first presented this tort claim to the agency. *See id.* at 743 (no subject matter jurisdiction unless claimant first presents claim to agency) (citing 28 U.S.C. § 2675).

### CONCLUSION

The decision of the Secretary is affirmed.