134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Satyendranath DAS, Plaintiff-Appellant,
v.
SOCIAL SECURITY ADMINISTRATION, Commissioner, Defendant-Appellee.
 No. 97-15979.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Satyendranath Das ("Das") appeals pro se from a grant of summary judgment affirming the denial by the Commissioner of Social Security ("Commissioner") of his claim for underpayment for the year 1990 and his request for totalization of benefits for work done in the United Kingdom ("U.K."). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment. Hermes v. Secretary of Health & Human Servs., 926 F.2d 789, 790 (9th Cir.1991). The Commissioner's decision "should only be disturbed if it is not supported by substantial evidence or it is based on legal error.' " Id. (quoting Green v. Heckler, 803 F.2d 528, 529 (9th Cir.1986)). We affirm.
 
 
 3
 * Das contends that the Social Security Administration ("SSA") miscalculated his benefits for the year 1990, resulting in an underpayment for that year. Construing Das's informal brief Liberally and after reviewing the administrative record, it appears that Das's point of contention with the Commissioner's decision is the application of 42 U.S.C. § 402(q). This section requires a reduction of monthly benefits for those who choose to receive benefits prior to reaching retirement age (65).[1] The record shows that Das applied to receive benefits at age 62 despite advice from SSA officers that he should wait to apply until he was actually retired and thus not subject to the earnings deductions.[2]
 
 
 4
 Das believes that the reduction of his 1990 monthly benefits should be determined by using the number of months he actually received benefits prior to the age of 65 rather than the number of months he was entitled to receive benefits. Das cites Jacobson v. Weinberger, 398 F.Supp. 575 (S.D.N.Y.1975), to support this contention. The claimant in Jacobson applied for and received benefits twelve months prior to reaching age 65. This twelve month period was used to calculate the reduction of claimant's monthly benefits. Compared to the claimant in Jacobson, Das believes that he is being treated unfairly because the SSA used the thirty-five month period during which Das was entitled to receive benefits to calculate Das's reduction of benefits despite the fact that his benefits were withheld for most of this period.
 
 
 5
 Das's confusion stems from the definition of the word "entitled." Both 42 U.S.C. § 402(a) and the Code of Federal Regulations § 404.310, provide the criteria for entitlement: 1) attainment of age 62, 2) accumulation of the requisite number of work quarters, and 3) application for benefits.[3] We must defer to the Commissioner's interpretation of the Social Security Act unless it is unreasonable. Das v. Department of Health & Human Servs., 17 F.3d 1250, 1254 (9th Cir.1994). The only reasonable interpretation in this case is that entitlement, and thus the period used for calculating a reduction in benefits, begins when the claimant meets the three requirements listed in the 42 U.S.C. § 402(a) and 20 C.F.R. § 404.310. When Das applied for benefits at age 62, he became entitled to receive benefits. The fact that his benefits were withheld while his earnings exceeded the allowable maximum amount does not change this conclusion.[4] Thus, the thirty-five month period used by the SSA to calculate the reduction of Das's monthly benefit amount during the year 1990 was correct.
 
 II
 
 6
 Das also argues that he should be able to benefit from the U.S.-U.K. totalization of benefits agreement, Agreement on Social Security Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland, Feb. 13, 1984, U.S.-U.K., T.I.A.S. No. 11086, 1985 WL 167272 (Treaty) ("Agreement"), entered into pursuant to 42 U.S.C. § 433, to receive credit for his contributions to the U.K. social security system. Das believes that the Agreement requires the SSA to consider his U.K. contributions in determining the amount of benefits owed. This is not the correct interpretation of the Agreement or authorizing statute.
 
 
 7
 The Agreement is designed to allow contributions to one system to be considered in determining eligibility in the other system. Agreement, 1985 WL 167272 at * 4. Section 433, the statute which authorizes the Agreement, specifically precludes dual coverage. 42 U.S.C. § 433(c)(1)(B)(i) (1997). As the SSA has explained to Das on multiple occasions, he has a sufficient number of work quarters in the U.S. to qualify for U.S. benefits. Thus, the Agreement is of no help to Das. We conclude that the Commissioner's determination that the Agreement does not apply to Das is based on a sound interpretation of the relevant law.
 
 
 8
 Alternatively, Das seeks assurance that he will not be penalized (have his U.S. benefits reduced) if he receives U.K. benefits. The record indicates that Das has not attempted to apply for additional benefits from the U.K., nor has the SSA taken any action to reduce Das's benefits based on any possible U.K. entitlement. Therefore, this issue is not ripe for our consideration. See Lee v. Oregon, 107 F.3d 1382, 1387-88 (9th Cir.1997).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Das's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 42 U.S.C. § 402(q) provides in pertinent part:
 Reduction of benefit amounts for certain beneficiaries
 (1) ... if the first month for which an individual is entitled to an old-age ... insurance benefit is a month before the month in which such individual attains retirement age, the amount of such benefit for such month and for any subsequent month shall ... be reduced by--
 (a) 5/9 of 1 percent if such benefit is an old-age insurance benefit ... multiplied by--
 (b) (i) the number of months in the reduction period for such benefit (determined under paragraph (6)), if such benefit is for a month before the month in which such individual attains retirement age
 (6) For purposes of this subsection, the "reduction period" for an individual's old-age ... insurance benefit is the period--
 (a) beginning-
 (i) in the case of an old-age insurance benefit, with the first day of the first month for which such individual is entitled to such benefit....
 42 U.S.C. § 402(q) (1997) (emphasis added).
 
 
 [2]
 Das's benefits were withheld during 1988 and 1989 because his earnings during 1988 and 1989 exceeded the maximum salary allowed by the "retirement earning test" pursuant to 42 U.S.C. § 403(b) and (f) (1997). Das does not dispute this aspect of his benefits determination
 
 
 [3]
 42 U.S.C. § 402(a) provides in pertinent part:
 Old-age insurance benefits
 Every individual who--
 (1) is a fully insured individual.
 (2) has attained the age of 62, and
 (3) has filed application for old-age insurance benefits ... for the month preceding the month in which he attained retirement age.
 shall be entitled to an old-age insurance benefit for each month, beginning with--
 (b) in the case of an individual who has attained age 62, but has not attained retirement age ..., the first month throughout which such individual meets the criteria specified in paragraphs (1) and (2) (if in that month he meets the criterion specified in paragraph (3))
 42 U.S.C. § 402(a) (1997)(emphasis added).
 
 
 [20]
 C.F.R. § 404.310 provides:
 Who is entitled to old-age benefits.
 You are entitled to old age benefits if--
 (a) You are at least 62 years old;
 (b) You have enough social security earnings to be "fully insured" as defined in §§ 404.110 through 404.115; and
 (c) You apply; or you are entitled to disability benefits up to the month you become 65 years old. At age 65, your disability benefits automatically become old-age benefits.
 
 
 [20]
 C.F.R. § 404.310 (1997) (emphasis added)
 
 
 [4]
 Upon reaching age 65, the SSA will recalculate the monthly reduction for receiving early old-age insurance benefits. The calculation will be based on the number of months benefits were actually received. 20 C.F.R. § 404.412 (1997). Therefore, Das will eventually recover any amount lost due to this higher reduction rate. This was explained to Das by an SSA officer when Das first applied for benefits in 1988