50 F.Supp.2d 913 (1999)
Christos V. GEORGIOU, Plaintiff,
v.
Kenneth S. APFEL, Commissioner of Social Security, Defendant.
No. 4:97-CV-1910 CAS.
United States District Court, E.D. Missouri, Eastern Division.
March 18, 1999.
*914 Robert T. Ebert, Jr., Bryan Cave LLP, St. Louis, MO, for Christos V. Georgiou, plaintiff.
Christos V. Georgiou, St. Louis, MO, pro se.
Wesley D. Wedemeyer, Office of U.S. Attorney, St. Louis, MO, for Social Security Administration, John J. Callahan, defendant.

ORDER
SHAW, District Judge.
This matter is before the Court pursuant to the Report and Recommendation of United States Magistrate Judge Mary Ann Medler, filed February 24, 1999. See 28 U.S.C. § 636(b). Magistrate Judge Medler recommends that the Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment.
Plaintiff has filed objections to the recommendation, asserting that the Magistrate Judge erred by concluding that the provision of the totalization agreement between the United States and Greece which excludes plaintiff from coverage under the agreement is consistent with the Social Security Act. Plaintiff alleges the provision violates the express language of the Social Security Act by adding an improper eligibility requirement and by not considering plaintiff's periods of coverage earned in Greece in the calculation of his totalized benefit under the Agreement. Plaintiff also contends that because the Magistrate Judge made incorrect conclusions with respect to interpreting the Agreement, whether the regulations enacted by the Secretary of the Social Security Administration which state how to calculate a totalized benefit were reasonable was improperly not reached. Plaintiff argues that the regulations are arbitrary and capricious because they contradict the express language of the Social Security Act by requiring plaintiff's benefit to be prorated so as to only take into account periods of coverage earned in the United States.
After de novo review of the matter, the Court concurs with the recommendation of the Magistrate Judge.
Accordingly,
IT IS HEREBY ORDERED that the Report and Recommendation of the United States Magistrate Judge is sustained, adopted and incorporated herein. [Doc. 21]
IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is GRANTED [Doc. 19] and Plaintiff's Motion for Summary Judgment is DENIED [Doc. 17].
An appropriate Judgment will accompany this Memorandum and Order.

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
MEDLER, United States Magistrate Judge.
This an action under 42 U.S.C. § 405(g) for judicial review of defendant Kenneth Apfel's ("Defendant") final decision denying plaintiff, Christos V. Georgiou's ("Plaintiff") claims for greater retirement benefits under Title II of the Social Security Act as amended ("the Act"). Both parties have moved for summary judgment. [17, 19] The case was referred to the undersigned *915 United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b).[7]

I. Procedural History[1]
Plaintiff initially applied for retirement benefits on December 5, 1994 (Tr. 24) and on December 23, 1994 he was informed that he qualified for retirement benefits. (Tr. 53-54) In March, 1995 he requested his benefit amount be recomputed. (Tr. 24) It was recalculated and increased. Plaintiff filed a timely request for reconsideration (Tr. 24) and on June 27, 1995 it was determined that his highest possible benefit was $383 per month. (Tr. 24-30) Plaintiff requested a hearing (Tr. 40) however, prior to the hearing, plaintiff waived his right to appear and requested an on-the-record decision. On September 10, 1996 Administrative Law Judge ("ALJ") James E. Darst issued his decision. Unfortunately this decision was inadvertently omitted from the transcript. It is attached to plaintiff's Motion for Summary Judgment as Plaintiff's Exhibit A. ALJ Darst upheld the calculation of plaintiff's retirement benefits in the amount of $383 per month. On July 30, 1997 the Appeals Council concluded there was no basis for review (Tr. 2-3) thus the September 10, 1996 decision of the ALJ stands as the final decision of the Commissioner. (Pl. Ex.A)

II. Undisputed Facts
The following pertinent facts are taken from the ALJ's September 9, 1996 Opinion (Plaintiff.Ex. A) and are not in dispute: Plaintiff was born March 29, 1929. He worked from 1950 through 1973 in Athens, Greece. From 1973 through 1988 he was self-employed in the United States. From 1988 through 1991 he was employed in the United States. In 1991-92 he was disabled. From 1993 to retirement he was employed in the United States. He retired in July, 1994, after his sixty-fifth birthday. It is also undisputed that plaintiff is fully insured in the United States, that is, he has enough quarters of coverage to be eligible for regular Social Security benefits. He also has periods of coverage under the Social Security System of Greece (Tr. 192-194).

III. Determination by the ALJ
In holding that plaintiff's retirement benefits were properly calculated, the ALJ found, inter alia, that "claimant's earnings for the years 1950 through 1973 are not subject to a totalization agreement (20 C.F.R. § 404.1901 et seq.)" (Pl.Ex. A at p. 4.)

IV. Issues
Plaintiff contests the ALJ's finding. He alleges that he qualifies for totalized benefits and that the portion of the totalization agreement which purportedly limits his benefits is invalid. Plaintiff believes that because he worked and earned social security benefits in both Greece and the United States, he is entitled to receive benefits that reflect his total employment period, here and abroad. He claims the ALJ's decision in granting him benefits reflecting only his time working in the United States is wrong as a matter of law. He also alleges the section of the regulation which requires the primary insurance amount (PIA) to be prorated is invalid. He calculates his monthly retirement benefit should be $516. (Pl.Ex. C and D.)

V. Legal Standards
A court must affirm the Commissioner's decision if substantial evidence exists *916 to support the ALJ's decision when the record is viewed as whole. Shelton v. Chater, 87 F.3d 992, 994-995 (8th Cir. 1996); 42 U.S.C. & 405(g). The court must also review a benefits decision to determine if there has been an error of law. Smith v. Schweiker, 728 F.2d 1158, 1161 (8th Cir.1984); Nettles v. Schweiker, 714 F.2d 833 (8th Cir.1983).
The instant case involves an interpretation of the Social Security Act and a totalization agreement enacted pursuant thereto. It is the task of the Secretary to interpret and apply the Social Security Act. Schweiker v. Gray Panthers, 453 U.S. 34, 43, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981). A court must give considerable weight to the Secretary's construction of the Act. Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and a court may not substitute its own construction for that of the Secretary if the Secretary's construction is reasonable. Id. "If the Secretary's interpretation is reasonable, judicial approval is proper even though other reasonable interpretations exist." Savage v. Toan, 795 F.2d 643, 645 (8th Cir.1986).
Congress has expressly given the Commissioner the duty to promulgate rules and regulations to implement the Social Security Act. 42 U.S.C. § 405(a) provides in part:
The Commissioner of Social Security shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter which are necessary or appropriate to carry out such provisions, ...
42 U.S.C. § 405(a)
"Where, as here, the statute expressly entrusts the Secretary with the responsibility for implementing a provision by regulation our review is limited to determining whether regulations promulgated exceeded the Secretary's statutory authority and whether they are arbitrary and capricious." Heckler v. Campbell, 461 U.S. 458, 466, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983) citing Herweg v. Ray, 455 U.S. 265, 275, 102 S.Ct. 1059, 71 L.Ed.2d 137 (1982).

VI. Analysis
Section 233 of the Act, codified at 42 U.S.C. § 433(a), provides:
The President is authorized ... to enter into agreements establishing totalization arrangements between the social security system established by this sub-chapter and the social security system of any foreign country for the purpose of establishing entitlement to and the amount of old age, survivors, disability, or derivative benefits based on a combination of an individual's periods of coverage under the social security system established by this sub-chapter and under the social security system of such foreign country.
42 U.S.C. § 433(a). The United States entered such an agreement with Greece, known as the agreement on Social Security between the Government of the United States of America [U.S.] and the Government of the Hellenic Republic [Greece]. ("the Agreement"). (Pl.Ex.B.)
42 U.S.C. § 433(c)(1)(A) further provides:
Any agreement establishing a totalization agreement pursuant to this section shall provide 
(A) that in the case of an individual who has at least six (6) quarters of coverage ... and periods of coverage under the social security system of a foreign country ... periods of coverage of such individual under such social security system of such foreign country may be combined with periods of coverage under this subchapter and otherwise considered for the purposes of establishing entitlement to and the amount of old-age, survivors, and disability insurance benefits under this subchapter ...
42 U.S.C. § 433(c)(1)(A) (emphasis added) It is clear that this provision is permissive and in no way requires that all periods of *917 U.S. and foreign coverage should be combined. It clarifies and limits the policy set out in 42 U.S.C. § 433(a) that bases coverage "on a combination of an individual's periods of coverage" and permits combination to establish entitlement to benefits.
The Agreement provides:
1. Where a person has completed at least six (6) quarters of coverage under United States laws, but does not have sufficient periods of coverage to satisfy the requirements for entitlement to benefits under United States laws, the agency of the United States shall, take into account, for the purpose of establishing entitlement to benefits under this Article, periods of coverage which are credited under Greek laws and which do not coincide with periods of coverage already credited under United States laws.
Agreement, PART III, Article 6, Plaintiff. Ex. B. In other words, in order to be eligible for totalization under the Agreement, a claimant must have at least six (6) quarters of U.S. coverage, but not enough quarters of coverage to be insured for regular U.S. benefits. Credits under the Greek system can be added to a claimant's U.S. coverage to permit him to qualify for U.S. totalization benefits.[2] This prevents a claimant from being ineligible for U.S. benefits because he lacked sufficient U.S. covered quarters and insures that a person who has split his working career between two countries may be eligible for benefits.
It is clear that the Agreement is in no way inconsistent with the Act. First, the Act at 42 U.S.C. § 433(a) permits combination and consideration of periods of coverage in a foreign country but does not require it; second, the Agreement insures eligibility for coverage for persons who might otherwise not qualify in furtherance of the Act's policies; third, the Agreement sets up eligibility requirements "for the purpose of establishing entitlement to" benefits and determines the amount of benefits if eligibility has been established, 42 U.S.C. § 433(a) and (c)(1)(A); fourth, the Act is emphatic in its policies against dual coverage, see 42 U.S.C. § 415(a)(7), and the Agreement as well as the Commissioner's interpretation of totalized benefits is fully consistent with these policies by refusing to permit quarters covered in one system to be credited in another; and fifth, 42 U.S.C. § 433(e) mandates Congressional review of all totalization agreements, thereby assuring at least implicit approval by Congress of the United States-Greece Agreement.
The recent case of Das v. Social Security Administration, 134 F.3d 377, 1998 WL 22064 (9th Cir.1998) (unpublished) is similar to the instant case. In Das the claimant argued that he should receive credit for his contributions to the United Kingdom's social security system in determining the amount of benefits owed. The court found this to be an incorrect interpretation of the Agreement and the authorizing statute: "The Agreement is designed to allow contributions to one system to be considered in determining eligibility in the other system." Das had sufficient work quarters in the United States to qualify for United States benefits and thus the Agreement was of no help to him. Although dealing specifically with the prohibition against dual coverage or "double dipping", the Das court's analysis is on point here. The Agreement sets up eligibility requirements "for the purpose of establishing entitlement to" benefits. It determines the amount of benefits if eligibility has been established. 42 U.S.C. § 433(a). Here, plaintiff is fully insured and has sufficient work quarters in the *918 U.S. to qualify for U.S. benefits. The Agreement is of no help to him because he does not qualify for totalization.
The case of Newton v. Shalala, 874 F.Supp. 296 (D.Or. 1994) is also persuasive. Under the totalization agreement with Germany, a person who has worked in the United States and Germany and does not qualify for social security coverage in the U.S. may add German credits to create eligibility. However, these German credits may be added to a claimant's U.S. credits only if he had at least six (6) covered quarters but not enough to be insured for regular U.S. benefits. To be eligible for totalization benefits, a claimant must not be insured for benefits based on U.S. coverage alone. Id. at 299. The Newton court's analysis of the Act and the German Agreement is exactly the same analysis applied by the ALJ to plaintiff's case. Plaintiff has enough U.S. earnings to qualify for U.S. coverage, therefore he cannot received totalized benefits under the Agreement.
Plaintiff also argues that his totalized benefits should not be prorated. Because he is not eligible for totalized benefits, this argument is moot. Suffice it to say that 42 U.S.C. 433(c)(1)(C) specifically provides that "where an individual's periods of coverage are combined, the benefit amount payable under this title shall be based on the proportion of such individual's periods of coverage which was completed under this title." 42 U.S.C. § 433(c)(1)(C).

VII. Conclusion
The Agreement is consistent with the Act and is clearly neither arbitrary nor capricious and the ALJ's decision denying plaintiff totalized benefits is reasonable. Heckler v. Campbell, 461 U.S. at 466, 103 S.Ct. 1952; Chevron U.S.A., Inc., 467 U.S. at 844, 104 S.Ct. 2778.
Substantial evidence in the record as a whole supports the Commissioner's decision and the ALJ made no error of law. Shelton v. Chater, 87 F.3d at 994-95; Smith v. Schweiker, 728 F.2d at 1161. Therefore, the ALJ's opinion should be affirmed.
ACCORDINGLY,
IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Summary Judgment be DENIED. [17]
IT IS FURTHER RECOMMENDED that Defendant's Motion for Summary Judgment be GRANTED. [19]
IT IS FINALLY RECOMMENDED that judgment be entered in favor of Defendant and against Plaintiff in this cause of action.
The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).
February 24, 1999.
NOTES
[1] On December 4, 1994, plaintiff applied for disability benefits. The issue of plaintiff's disability is not before the court. Therefore, the portions of the transcript dealing with plaintiff's disability are not relevant to this review. In a nutshell, Plaintiff was initially denied disability benefits and after reconsideration, was again denied benefits (Tr. 42-45). On September 10, 1996 Administrative Law Judge James E. Darst found defendant to be entitled to a period of disability beginning on December 23, 1991. (Tr. 12-15) (This decision is mistakenly titled "Retirement Insurance Benefits" but actually concerns only plaintiff's disability.) However, based on the date of plaintiff's application, he was found to be ineligible for disability benefits (Tr.4).
[2] Defendant has attached as an exhibit to his Motion for Summary Judgment the Commissioner's Program Operations Manual System (POMS), Part 2, Chapter 017, Subchapter 37. GN 01737.120 A states: Under the agreement, if an NH [claimant] has at least 6 quarters of U.S. coverage but not enough to be insured for regular U.S. benefits, the NH's [claimant's] credits under the Greek system can be added to his or her U.S. coverage to permit the NH [claimant] (or any dependents or survivors) to qualify for U.S. totalization benefits.