David **RUDYKOFF**, Plaintiff–
Appellant,

v.

Kenneth S. **APFEL**, Commissioner
of Social Security, Defendant–
Appellee.

Docket No. 99–6056.

United States Court of Appeals,
Second Circuit.

Argued Sept. 22, 1999.

Decided Oct. 8, 1999.

David Rudykoff, Sarasota, FL, Plaintiff–Appellant Pro Se.

Nancy A. Miller, Assistant United States Attorney, Brooklyn, N.Y. (Zachary W. Carter, United States Attorney, Varuni Nelson and Kathleen A. Mahoney, Assistant United States Attorneys, of counsel), for Defendant–Appellee.

Before: OAKES, KEARSE and CABRANES, Circuit Judges.

PER CURIAM:

David Rudykoff, appellant *pro se,* challenged the constitutionality of the Windfall Elimination Provision (WEP) of the Social Security Act, 42 U.S.C. § 415(a)(7). After exhausting his administrative remedies before. the Social Security Administration (SSA), Rudykoff brought an action in the United States District Court for the Eastern District of New York seeking review of the decision to reduce his benefits pursuant to the WEP. Rudykoff now appeals the district court's affirmance of the reduction of his benefits, claiming that the WEP unconstitutionally discriminates against retired federal employees such as himself. Because we find the WEP constitutional, we affirm.

During his 47 years of employment, Rudykoff worked in both the public and private sectors. For 31 years, he was a federal employee and his earnings were exempt from social security taxes because of his participation in the Civil Service Retirement System, a federal pension plan. Rudykoff worked an additional 16 years in the private sector, where he paid social security tax on his earnings.

In October 1994, Rudykoff applied to the SSA for retirement benefits based on his credited earnings in the private sector. The SSA initially calculated his benefits at $429 per month. Approximately five months later, the SSA informed Rudykoff that his correct monthly benefit amount was actually $204 because the WEP applied to his benefit calculation. The SSA's initial benefit determination had not taken into account that Rudykoff had numerous years of federal employment when his wages were not taxed for social security, and that he was receiving a federal pension of $1,531 per month from the Civil Service Retirement System.

Rudykoff challenged the reduction of his benefits through a variety of administrative proceedings. After an administrative law judge affirmed the SSA's corrected calculation, Rudykoff brought suit in the district court alleging that the WEP is unconstitutional because it is irrational and discriminates against federal employees. In February 1998, the district court granted the Commissioner of the SSA's motion for judgment on the pleadings, finding that the WEP is reasonably related to the legitimate government aim of reducing unintended benefit windfalls to those receiving federal pensions. On appeal, Rudykoff raises substantially the same arguments as to the constitutionality of the WEP that he raised below.

This Court reviews the district court's grant of judgment on the pleadings *de novo. See Clark v. Commissioner of Soc. Sec.,* 143 F.3d 115, 118 (2d Cir.1998). Constitutional challenges to social welfare legislation such as the Social Security Act are reviewed under the rational basis standard. *See Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Brown v. Bowen,* 905 F.2d 632, 635 (2d Cir.1990). We note that on review "the challenged statute is entitled to a strong presumption of constitutionality. 'So long as its judgments are rational, and not invidious, the legislature's efforts to tackle the problems of the poor and the needy are not subject. to a constitutional straitjacket.' " *Mathews v. De Castro,* 429 U.S. 181, 185, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976) (quoting *Jefferson v. Hackney,* 406 U.S. 535, 546, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972)). As we recognized in *Brown,* when Congress has made legislative choices such as those codified in the Social Security Act, they "will be upheld unless they are clearly wrong, a display of arbitrary power, not an exercise of judgment." 905 F.2d at 635 (internal quotation omitted).

The WEP was enacted to eliminate the unintended benefits windfall that accrued to workers who split their career between employment in which their earnings were taxed for social security and

other employment, such as federal employment, in which their earnings were exempt from social security taxes. *See* H.R.Rep. No. 25, 98th Cong., 1st Sess. 21–22 (1983), *reprinted in* 1983 U.S.C.C.A.N. 219, 239–40. An employment history of this nature gave the appearance of low lifetime earnings for the purposes of calculating social security benefits, thus resulting in a relatively high payment under the SSA's weighted formula that did not take into account the individual's receipt of a federal pension. *See id.* As Congress recognized in creating the WEP, "[f]ederal ... civil service pensions ... are generally designed to take the place both of social security and a private pension plan for workers who remain in [federal] employment throughout their careers." *Id.* at 22, 1983 U.S.C.C.A.N. at 240. Without the WEP, therefore, a federal employee with a civil service pension who worked for a brief period in the private sector would be eligible for a "total retirement pension income [that would] most likely greatly exceed that of a worker with similar earnings all under social security." *Id.*

We cannot say that Congress's reasoning in enacting the WEP was irrational or discriminatory. Rather, we agree with the district court that the WEP furthers the rational goal of insuring that certain individuals do not receive an unintended benefit under the Social Security Act because of their particular employment history. Such windfalls were an unanticipated by-product of a social security system designed to benefit low wage earners, and their elimination was a reasonable means of achieving the legitimate goal of maximizing the funds distributed in accordance with that design.

The only other circuit to address the question of WEP's constitutionality found, as we do now, that the provision survived rational basis scrutiny. In *Das v. Department of Health & Human Servs.*, 17 F.3d 1250, 1255 (9th Cir.1994), the plaintiff made the same argument as Rudykoff has raised here: that the WEP is unconstitutional because "it treats differently individuals who have similar aggregate lifetime earnings." *Id.* After setting forth the appropriate standard of review, the Ninth Circuit held that "[t]he WEP is rationally related to the achievement of legitimate goals. It was enacted to eliminate a windfall to individuals who are eligible to receive pensions based on both covered and noncovered employment" under the Social Security Act. *Id.; see also Newton v. Shalala*, 874 F.Supp. 296, 300 (D.Or.1994), *aff'd* 70 F.3d 1114 (9th Cir.1995). We see no reason to deviate from this conclusion.

We have considered Rudykoff's other arguments and find them without merit. Accordingly, we affirm the district court's grant of judgment on the pleadings.