**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————————

JANET L. PARKER,

      Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

      Defendant - Appellee.

No. 15-1232
(D.C. No. 1:12-CV-01889-RM)
(D. Colo.)

————————————————————

**ORDER AND JUDGMENT**[*]
————————————————————

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
————————————————————

    Janet L. Parker, proceeding pro se, appeals the district court's judgment

affirming the Social Security Commissioner's (Commissioner) application of the

Windfall Elimination Provision (WEP), 42 U.S.C. § 415(a)(7), and the Government

Pension Offset (GPO), 42 U.S.C. § 402(k)(5)(A), to reduce her social security

retirement and spousal benefits.  Exercising jurisdiction under 28 U.S.C. § 1291 and

42 U.S.C. § 405(g), we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

During her career, Ms. Parker worked as a teacher for state organizations covered by the Public Employees' Retirement Association (PERA).  She was exempt from paying social security taxes on those wages and she receives a monthly PERA pension.  In addition, Ms. Parker worked for nonexempt employers or was self-employed, and those wages were subject to social security taxes, thus making her eligible for social security benefits.

After Ms. Parker applied for social security retirement and spousal benefits, the agency informed her that her social security benefits were reduced by the WEP.  Later, the agency informed her that her spousal benefits had been nullified by applying the GPO.  Ms. Parker challenged the agency's decisions and received a hearing before an administrative law judge (ALJ).  The ALJ ruled that (1) the agency had correctly reduced Ms. Parker's social security retirement benefits by applying the WEP, given that some of her earnings were not subject to social security taxes, and (2) the agency also properly applied the GPO to offset her spousal social security benefits by two-thirds of her non-covered pension, which resulted in no spousal benefit.  The ALJ declined to address Ms. Parker's constitutional challenges, stating he had no authority to address them.  The Appeals Council denied review, thus making the ALJ's decision the final ruling of the Commissioner.

Ms. Parker sought judicial review of the Commissioner's decision, and the district court affirmed.  She now appeals to this court, arguing that applying the WEP and the GPO violated her equal protection rights and she was denied due process.

2

She has abandoned on appeal her claim under the False Statements Act. *See* Aplt. Opening Br. at 19.

## II.    Discussion

### A. Overview of the WEP and the GPO

"The WEP was enacted in 1983 to eliminate the unintended benefits windfall that occurs when workers who split their career between covered employment (required to pay Social Security taxes) and non-covered employment (exempt from Social Security taxes)." *Petersen v. Astrue*, 633 F.3d 633, 634 (8th Cir. 2011) (citing 42 U.S.C. § 415). "The reason behind the WEP was that an individual who had been employed as a [government] employee with pension benefits and also was entitled to Social Security retirement benefits would receive a windfall because he would be eligible for both Social Security and [government] pension payments." *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 655 (1st Cir. 2000). "An employment history of this nature gave the appearance of low lifetime earnings for the purposes of calculating social security benefits, thus resulting in a relatively high payment under the [agency's] weighted formula that did not take into account the individual's receipt of a [government] pension." *Rudykoff v. Apfel*, 193 F.3d 579, 581 (2d Cir. 1999) (per curiam). Consequently, the WEP "provides that the primary insurance amount for [an individual who has worked for both covered and non-covered wages] be computed using a modified formula." *Stroup v. Barnhart*, 327 F.3d 1258, 1260 (11th Cir. 2003). The "substantial earnings exception," however, provides that the WEP does not apply to an individual who has 30 years or more of covered

3

employment, as defined by statute.  *See* 42 U.S.C. § 415(a)(1)(C)(ii), (a)(7)(D); 20 C.F.R. § 404.213(e)(5).[1]  The GPO reduces the monthly spouse's benefit to an individual who also receives a pension for non-covered work.  *See* 42 U.S.C. § 402(k)(5)(A); 20 C.F.R. § 404.408a(a), (d).

## B. Standards of Review

Ordinarily, we review the Commissioner's determination for substantial evidence in the record and to ascertain whether the correct legal standards were applied.  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).  But Ms. Parker does not challenge the Commissioner's calculation of her benefit amount or the fact that the agency was required to apply the WEP and GPO.  Instead, she asserts that applying the WEP and GPO to reduce her retirement benefits violated her equal protection rights and that the procedures employed by the agency and the district court violated her rights to due process.  "We review questions of constitutional law de novo."  *ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200, 1216 (10th Cir. 2011) (internal quotation marks omitted).

---

[1] Although Ms. Parker argues that she has over 30 years of covered employment, and therefore she qualified for the substantial earnings exception, she has not identified where she raised this claim to the district court, *see* 10th Cir. R. 28.2(C)(2) (requiring that principal briefs "cite the precise reference in the record where the issue was raised and ruled on") and our review of the record has not revealed such a claim, although she did inform the district court that she worked in covered employment for over 30 years, *see, e.g.,* R. Vol. 2, at 68.  Nor does she argue for application of plain error on appeal.  Therefore, she has waived this claim.  *See Campbell v. City of Spencer*, 777 F.3d 1073, 1080 (10th Cir. 2014) (holding argument waived when not raised in district court or plain error not urged on appeal).

4

We have liberally construed Ms. Parker's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840. Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

## C. Equal Protection

Equal protection "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985). The Equal Protection Clause "creates no substantive rights. Instead, it embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly." *Vacco v. Quill,* 521 U.S. 793, 799 (1997) (citations omitted). "Because [Ms. Parker does] not claim [she is a] member[] of a suspect class or that the challenged classification burdens a fundamental right, this court applies rational basis scrutiny." *Teigen v. Renfrow*, 511 F.3d 1072, 1083 (10th Cir. 2007). Under the rational basis test, a government classification will be upheld if it is "rationally related to a legitimate government purpose or end." *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n,* 483 F.3d 1025, 1031-32 (10th Cir. 2007).

Ms. Parker claims that the legislative history of the WEP and GPO demonstrates that neither rule was intended to apply to people in her position who were long-term, low-wage earners. But the plain language of the applicable statutes

is unambiguous and applies to Ms. Parker; therefore, resort to legislative history is unnecessary and unauthorized. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."); *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1265 (10th Cir. 2014) ("We begin our analysis by examining the statute's plain language and if the meaning of that language is clear, our inquiry is at an end."). Ms. Parker does not argue that the statutory language is unclear or that its terms do not apply to her.

Rather, Ms. Parker argues that applying the WEP and GPO to her situation violates equal protection because they permit covered retirees and spouses to avoid the reductions imposed on non-covered retirees and spouses, and they have an unintended greater adverse impact on long-term, low-income workers.

Ms. Parker's equal protection argument is foreclosed by the statutory scheme directing that those who have not paid social security taxes are not entitled to the same retirement benefits as those who have. "Covered employees and their employers pay taxes into a fund administered distinct from the general federal revenues to purchase protection against the economic consequences of old age, disability, and death." *Califano v. Goldfarb*, 430 U.S. 199, 208 (1977). In contrast, employees of state employers covered by PERA have not paid taxes to the social security fund and are therefore not eligible to receive social security retirement insurance benefits. They receive retirement benefits through PERA. Thus, these

6

groups are not similarly situated and Congress may grant different levels of benefits to each group without violating the Equal Protection Clause. *See Rudykoff*, 193 F.3d at 581 (rejecting claim that WEP is unconstitutional); *Das v. Dep't of Health & Human Servs.*, 17 F.3d 1250, 1255 (9th Cir. 1994) (rejecting claim that WEP denies equal protection).

Even if covered employees who paid social security taxes were similarly situated to employees covered by PERA, the purposes of the WEP and GPO are rationally related to a legitimate goal of protecting the fiscal integrity of the social security fund. *See Edwards v. Valdez*, 789 F.2d 1477, 1483 (10th Cir. 1986) (stating that preserving the fiscal integrity of a social welfare program is a legitimate governmental concern). Accordingly, we affirm the district court's holding that applying the WEP and GPO to Ms. Parker's situation does not violate her right to equal protection.

## D. Due Process

Ms. Parker contends that she was denied due process in the following ways: (1) the district court delayed in ruling on her complaint and she did not receive the order in the mail; (2) the defendant tried to have the constitutional issues removed from the case; (3) she did not want her case to be treated like a disability case and the agency "threw away one of [her] documents for the ALJ," Aplt. Opening Br. at 18; and (4) the district court applied the wrong standard of review.

"[D]ue process requires notice and a meaningful opportunity to be heard." *Standard Indus., Inc. v. Aquila, Inc. (In re C.W. Mining Co.)*, 625 F.3d 1240, 1244

7

(10th Cir. 2010).  Ms. Parker appeared and had an opportunity to be heard before the ALJ.  Similarly, the district court heard and considered her claims.  Ms. Parker has not alleged that she was prejudiced by the district court's delay in handing down its judgment or by not receiving the order in the mail.  *Cf. Harris v. Champion*, 15 F.3d 1538, 1559 (10th Cir. 1994) (holding that a party claiming a due-process violation caused by appellate delay must show, among other criteria, prejudice caused by the delay).  And her constitutional claims were not removed from the case; the district court and this court have addressed them.

Ms. Parker also complained that she did not want her case to be considered a disability case.  Both the ALJ and the district court addressed the issues she raised relative to the WEP and GPO and did not treat her case as if she were claiming to be disabled.  As for an unidentified document the agency allegedly discarded, we cannot assess its significance without knowing what it was.

Finally, Ms. Parker contends that the district court applied the wrong legal standards.  But we have reviewed de novo the issues she raised on appeal so we need not separately address this claim.  *See Simmons v. Sykes Enters., Inc.*, 647 F.3d 943, 947 (10th Cir. 2011) ("Because our review is de novo, we need not separately address arguments that the district court erred by viewing evidence in the light most favorable to [the defendant] and by treating disputed issues of fact as undisputed."); *see also Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) ("When *de novo* review is compelled, no form of appellate deference is acceptable.").  Therefore, we conclude that Ms. Parker was not denied due process.

8

### E. Remaining Claims

Ms. Parker makes several additional claims on appeal.  She argues that the Administrative Procedure Act (APA), 5 U.S.C. § 706, directs a finding that Congress acted arbitrarily and capriciously in enacting the WEP and GPO.  The APA does not apply to Congress.  *Id.* § 701(b)(1)(A) (stating agencies covered by APA do not include Congress).

We do not address two additional issues raised on appeal because Ms. Parker has not demonstrated that she presented them to the district court, *see* 10th Cir. R. 28.2(C)(2) (requiring that principal briefs "cite the precise reference in the record where the issue was raised and ruled on"), and she does not argue for application of plain error on appeal, *see Campbell v. City of Spencer*, 777 F.3d 1073, 1080 (10th Cir. 2014) (holding argument waived when not raised in district court or plain error not urged on appeal).  First, she argues that the GPO should have been applied to her spousal benefit based on the date her former husband was *eligible* for full retirement, rather than when he began *receiving* retirement benefits.  Second, she requests a court order directing agency personnel at her local social security office to provide information and documentation, and court authority to "confer with someone in [the social security agency] who has the authority to make rule changes," such as the Commissioner, Aplt. Opening Br. at 22.  Finally, because she has provided no appellate argument on her claim raised in the district court that the agency applied and calculated the WEP and GPO in the wrong order, we do not consider this claim. *Cf. Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 n.6 (10th Cir. 2008)

9

(declining to consider an appellate argument where the appellant failed to advance a reasoned argument to support it).

**III.    Conclusion**

The judgment is affirmed.

Entered for the Court

Jerome A. Holmes
Circuit Judge