**Kazimiera KAMYK, Plaintiff-Appellant,**

v.

**Nancy A. BERRYHILL, Acting Commissioner of Social Security, Defendant-Appellee.**

No. 16-3647

United States Court of Appeals, Seventh Circuit.

Submitted August 18, 2017 *

Kazimiera Kamyk, Pro Se

Catherine Gibbons, Attorney, Social Security Administration, Office of the General Counsel, Region V, Chicago, IL, for Defendant-Appellee

Before FRANK H. EASTERBROOK, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge, DIANE S. SYKES, Circuit Judge

## ORDER

Kazimiera Kamyk, a Polish citizen and permanent resident of the United States, appeals the district court's judgment affirming a decision of the Commissioner of Social Security to reduce her retirement benefits based on her receipt of a pension from Poland. Because substantial evidence supports the Commissioner's decision, we affirm.

For 25 years Kamyk worked in a firm controlled by the Polish government, all the while paying into the Polish pension system, Zakład Ubezpieczeń Społecznych (ZUS). In 1992 she immigrated to the United States, obtained work that year, and began paying Social Security taxes. She turned 60 in 2003 and soon after started receiving a retirement pension from ZUS based on her work in Poland.

Kamyk later applied for retirement benefits from the Social Security Administration and reported her Polish pension. The agency granted her application but cut her benefits roughly in half under the Social Security Act's "windfall elimination provision," which reduces the benefits of individuals who receive a monthly pension for work that did not require them to pay taxes under the Social Security Act. See 42 U.S.C. § 415(a)(7); 20 C.F.R. § 404.213(a); *Petersen v. Astrue*, 633 F.3d 633, 634 (8th Cir. 2011); *Stroup v. Barnhart*, 327 F.3d 1258, 1259–60 (11th Cir. 2003). Through this reduction Congress intended to eliminate a "windfall" in benefits that individuals with untaxed pensions would receive if their benefits were calculated according to the agency's standard weighted formula, which advantages individuals with lower average earnings and excludes from its definition of earnings any income from untaxed employment. See *Rudykoff v. Apfel*, 193 F.3d 579, 580–81 (2d Cir. 1999); WILLIAMS R. MORTON, CONG. RESEARCH SERV., 98-35, SOCIAL SECURITY: THE WINDFALL ELIMINATION PROVISION (WEP) 1 (2016), https://www.fas.org/sgp/crs/misc/98-35.pdf.

Kamyk sought reconsideration, but the agency affirmed its initial decision.

At a hearing before an administrative law judge, Kamyk disputed the reduction

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

in her retirement benefits by pointing to a "totalization agreement" between Poland and the United States. Totalization agreements provide for the grant of retirement benefits to persons who split their careers between two countries and thus lack sufficient periods of covered employment under each country's retirement system to qualify for benefits. *See* 42 U.S.C. § 433(c)(1)(A); Agr. on Soc. Sec., U.S.–Pol., April 2, 2008, T.I.A.S. No. 09-301 (entered into force Mar. 1, 2009), *available at* https://www.ssa.gov/international/ Agreement_Texts/Poland.html; *see also Totalization Agreements*, Soc. Sec. Handbook, https://www.ssa.gov/OP_Home/ handbook/handbook.01/handbook0107.html (last revised Aug. 8, 2011) (stating that individuals may combine their periods of work in different countries in order to qualify for benefits). Based on the agreement, Kamyk asserted that her benefits should not be reduced because she, unlike workers who benefit from totalization, worked long enough in a job taxed by this country to qualify for retirement benefits here.

The ALJ upheld the decision to reduce Kamyk's retirement benefits. The ALJ determined that her retirement benefits were subject to reduction because she had earned a pension from work that was not taxed by this country's social-security system, and her benefits did not meet any statutory exemption.

The Appeals Council denied Kamyk's request for review.

More than four months later, Kamyk sought judicial review based on a provision of the totalization agreement that, she believes, prevents her retirement benefits from being reduced. The provision states that "[d]eterminations concerning entitlement to benefits which were made before the entry into force of this Agreement shall not affect rights arising under it." Agr. on Soc. Sec., U.S.–Pol., April 2, 2008, T.I.A.S. No. 09-301, Part V, Art. 23. Kamyk said that she began receiving her Polish pension before the totalization agreement entered into force, and so her pension should not affect her rights under the agreement to retirement benefits in this country.

The district court affirmed the Commissioner's decision. Kamyk had no "rights arising" under the totalization agreement, the court explained, because she did not need totalization to help her meet the minimum coverage requirements in the United States.

On appeal Kamyk maintains that the windfall reduction does not apply to her because she worked long enough in the United States to qualify for full retirement benefits here.[1] But as the ALJ observed, the windfall reduction applies to individuals who receive monthly benefits from a foreign pension system based on earnings not taxed by Social Security, *see* 42 U.S.C. §§ 410(a)(11),(a)(12), 415(a)(7); 20 C.F.R. § 404.213(a)(3); Soc. Sec. Admin. Program Operations Manual Sys. (POMS) GN 00307.290(C)(3), https://secure.ssa.gov/ poms.nsf/lnx/0200307290, and Kamyk receives a monthly pension from ZUS based on more than two decades' work that, she concedes, Social Security did not tax, *see* POMS GN 01751.020(B)(1), https://secure. ssa.gov/poms.nsf/lnx/0201751020 (reporting that females in Poland born before 1949

---

[1]. We note that Kamyk did not seek judicial review until well beyond the 60-day period for challenging the Council's denial of review. *See* 42 U.S.C. § 405(g). But this filing deadline is non-jurisdictional, *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022,

90 L.Ed.2d 462 (1986), and the Commissioner waived its statute-of-limitations defense by not raising it in the district court, *Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990) (en banc).

must work 20 years to be eligible for ZUS).

Kamyk also continues to rely on the totalization agreement and asserts that her Polish pension, because it predates the totalization agreement, cannot subject her retirement benefits to reduction. But as the district court explained, the totalization agreement does not apply to her. Her rights to retirement benefits arise not under the agreement but under the Social Security Act, based on her work in this country alone. *See Hawrelak v. Colvin*, 667 Fed.Appx. 161, 163 (7th Cir. 2016), *cert. denied*, —— U.S. ——, 137 S.Ct. 2194, 198 L.Ed.2d 261 (2017). Indeed, without totalization she is eligible for benefits from *both* countries. And because she qualifies for benefits from Poland without totalization, her Polish pension does not meet the statutory exemption in 42 U.S.C. § 415(a)(7)(A)(ii) for payments by a social-security system of a foreign country based on a totalization agreement.

AFFIRMED.