T.C. Memo. 2001-152

UNITED STATES TAX COURT

JAMES E. & RUTH L. NORRIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2081-98.                    Filed June 26, 2001.

James E. Norris, pro se.

<u>Roy Wulf</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioners' Federal income tax for 1995 in the
amount of $6,630.  Unless otherwise indicated, section references
are to the Internal Revenue Code in effect for the year in issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

After concessions by the parties,[1] the sole issue for decision is whether payments under the Federal Employees Retirement System (FERS) received during the 1995 tax year are excludable from gross income under section 104(a)(1). Adjustments to Social Security income are computational and will be resolved by the Court's holding on the issue in this case.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioners resided in Tacoma, Washington. Petitioners are husband and wife. References to petitioner in the singular are to James E. Norris.

Petitioner has a 4-year degree in social sciences from Central Washington University with a minor in aviation studies. He also holds a master's degree in criminal justice administration and has completed 1 year of law school. Petitioner served for approximately 8 years in the United States Air Force and left at a rank of Captain in 1980. After a few

---

[1] Petitioners concede that they failed to report interest income of $141 received by Ruth L. Norris from Peoples Bank and Trust in 1995. Petitioners further concede that they failed to report gambling winnings of $798 earned by petitioner in 1995. Because petitioner incurred gambling losses in excess of his gambling income, $798 will be deductible on Schedule A, Itemized Deductions.

Respondent concedes an accuracy-related penalty under sec. 6662(a) and (d) of $1,326, as determined in the notice of deficiency.

different jobs, petitioner was employed by the Department of Transportation, Federal Aviation Administration (FAA), as a pilot examiner from 1988 until November 2, 1992. Petitioner's first 3 years of service with the FAA passed without incident. In 1991, after petitioner's immediate supervisor left the FAA, petitioner began to have problems with his new supervisors. Petitioner became severely depressed and alleged that his depression resulted from discrimination from other FAA supervisors and employees. Petitioner was placed on medical light duty with the FAA in October 1991. Due to the claimed unstable work environment, petitioner sought psychiatric treatment beginning in 1991.

On October 2, 1992, petitioner received a 30-day notice of employment termination, and, subsequently, on November 2, 1992, the FAA terminated petitioner's employment. Prior to petitioner's termination, petitioner filed claims on October 12, 1992, with the Social Security Administration (SSA) and the Office of Personnel Management (OPM) for disability retirement annuity payments pursuant to FERS. Petitioner was approved for Social Security disability on June 22, 1994, and FERS disability retirement on March 8, 1995.

Concurrent with filing claims with SSA and OPM, petitioner also filed a claim with the United States Department of Labor (DOL) pursuant to the Federal Employees' Compensation Act (FECA),

5 U.S.C. ch. 81 (1994). Petitioner believed that he "suffered from an emotional/psychiatric injury as a result of harassment and racial discrimination" in his workplace. Petitioner's request was denied on March 2, 1993.

Petitioner disagreed with the OPM decision denying that request, and obtained a rehearing on January 12, 1994. In a decision dated March 23, 1994, the March 2, 1993, decision was affirmed. Petitioner requested reconsideration of the March 23, 1994, decision and on January 30, 1995, OPM denied modification of the March 23, 1994, decision. Petitioner requested further reconsideration of the January 30, 1995, decision, and, again, OPM denied merit review of the case in a decision dated June 7, 1997. Petitioner continued to appeal unfavorable decisions through OPM's appeals process.[2] On October 5, 2000, the Employment Compensation Appeals Board (ECAB) of the DOL rendered a Final Appeals decision finding that petitioner had not established that his emotional condition arose out of the performance of duty, and, further, that the Office of Workers' Compensation Programs properly denied petitioner's request for reconsideration.

On February 6, 1997, petitioner filed a complaint with the United States District Court for the Western District of

---

[2] Petitioner has filed, unsuccessfully, a total of six appeals of prior unfavorable decisions from 1994 through 2000.

Washington seeking compensation for an emotional injury allegedly sustained as a result of discrimination by the FAA. Petitioner sought relief under the Federal Tort Claims Act (FTCA), 28 U.S.C. secs. 2671-2680, but asserted that jurisdiction was appropriate under FECA. This action was subsequently dismissed without prejudice based upon petitioner's failure to exhaust administrative remedies prior to bringing suit under FTCA and petitioner's failure to allege a constitutional claim under FECA.

On their 1995 Federal income tax return, petitioners reported total pension and annuity income in the amount of $6,936, none of which was included in their gross income for that year. Petitioner received from OPM Form 1099-R, Statement of Annuity Paid, for 1995 showing a gross annuity amount of $29,459.94. Petitioners included an attachment to their return stating "Although the total <u>Personal Injury Disability Annuity listed on the OPM Form No. CSA-1099-R</u>, lists the total annuity as $29,459.94. [sic] Only $6,936.00 was for Tax Year 1995." Petitioner further disclosed the pending worker's compensation claim.

In the notice of deficiency, respondent determined that no portion of payments from OPM paid to petitioners during 1995 was excludable from gross income and increased petitioners' 1995 taxable income in the amount of $29,459.

Respondent contends that petitioners may not exclude FERS payments received during the year in issue from gross income because the amounts were not received under a worker's compensation act pursuant to section 104(a)(1), or a statute in the nature of a worker's compensation act pursuant to section 1.104-1(b), Income Tax Regs.

Petitioners contend that the disability pension amounts received should be paid under FECA rather than FERS. The parties agree that had the payments been made under FECA they would be excludable under section 104(a)(1).

This Court is a court of limited jurisdiction as specifically authorized by Congress. See sec. 7442; Neilson v. Commissioner, 94 T.C. 1, 9 (1990). Although we have jurisdiction to redetermine the income tax deficiency under section 6213, the Court does not have jurisdiction to decide employee benefit entitlement issues that fall within the purview of various departments and agencies of the United States Government. See sec. 7442; Merker v. Commissioner, T.C. Memo. 1997-277; Steines v. Commissioner, T.C. Memo. 1991-588, affd. without published opinion 12 F.3d 1101 (7th Cir. 1993). The record is clear that petitioner's numerous requests to transform the payor of the disability payments from FERS to FECA have been consistently denied. Further, all payments at issue in this case are disability payments pursuant to FERS. Therefore, the issue

before us is whether such disability payments are exempt under section 104(a)(1).

Section 61(a) provides that gross income includes all income from whatever source derived. Certain income, however, may be specifically excluded from gross income. See sec. 61(b).

Under section 104(a)(1), worker's compensation amounts are excluded from gross income. However, such exclusions have been "strictly construed so as to conform with the general rule that all income is taxable unless it is specifically excluded." McDowell v. Commissioner, T.C. Memo. 1997-500; see Take v. Commissioner, 804 F.2d 553, 558 (9th Cir. 1986), affg. 82 T.C. 630 (1984).

Section 104(a)(1) excludes from gross income "amounts received under workmen's compensation acts as compensation for personal injuries or sickness". Section 1.104-1(b), Income Tax Regs., interprets section 104(a)(1) to exempt amounts received under a worker's compensation act, or under a statute "in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment."

"Workmen's compensation act" is defined as a statute which requires as a precondition to eligibility for benefits that the injury be incurred in the course of employment. Take v. Commissioner, supra at 557. A statute is not considered to be in

the nature of a workmen's compensation act if it allows for disability payments for any reason other than on-the-job injuries.  See Haar v. Commissioner, 78 T.C. 864, 868 (1982), affd. per curiam 709 F.2d 1206 (8th Cir. 1983).  If the statute does not qualify, then the fact that the taxpayer's injury was work related is irrelevant.  See Smelley v. United States, 806 F. Supp. 932, 935 (N.D. Ala. 1992), affd. per curiam 3 F.3d 389 (11th Cir. 1993).

Disability retirement payments received under FERS are not workmen's compensation payments.  See Merker v. Commissioner, supra; Wham v. Commissioner, T.C. Memo. 1985-625, affd. without published opinion 812 F.2d 1402 (4th Cir. 1987).  Although petitioner suffers from a disability which may have arisen in the course of his employment with the FAA, a Federal agency, that alone is insufficient to meet the requirements of section 104(a)(1).  Petitioner received his disability annuity under FERS, 5 U.S.C. ch. 84 (1994).  Under FERS, an employee shall be considered disabled only if the employee is found by OPM to be "unable, because of disease or injury, to render useful and efficient service in the employee's position."  5 U.S.C. sec. 8451(a)(1)(B) (1994).  Disability under FERS does not distinguish between injuries occurring on the job or elsewhere; rather, the focus is on whether the employee is able to perform the tasks of his employment in a "useful and efficient" manner.  See Merker v.

Commissioner, supra.  Because petitioner received disability retirement payments under FERS, which is not in the nature of a workmen's compensation statute, petitioners are not entitled to exclude these payments from their gross income under section 104(a)(1).

We have considered all of the other arguments made by petitioners, and, to the extent we have not addressed them, find them to be without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.