**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARK ALAN STAPLES,

    Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent - Appellee.

No. 20-9006
(CIR No. 006560-18)
(United States Tax Court)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Mark Staples appeals pro se from a Tax Court order that upheld the

Commissioner's determination of a $1,635 deficiency on his 2015 income taxes.

Exercising jurisdiction under 26 U.S.C. § 7482(a), we affirm.

**BACKGROUND**

Staples worked for the federal government until 2012, when he retired due to a

disability.  That same year, he began receiving disability payments through social

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

security disability insurance (SSDI) and annuity payments through the Federal Employees Retirement System (FERS). The Office of Personnel Management (OPM) reduced his FERS annuity payments by a portion of the SSDI benefit he received. *See* 5 U.S.C. § 8452(a)(2)(A) (mandating a partial or complete reduction to a FERS disability annuity for any month in which the FERS member is also entitled to an SSDI benefit).

On Staples' 2015 federal income tax return, he reported his SSDI and FERS benefits, some retirement benefits, and some taxable interest income. The Commissioner later advised Staples that third parties had reported more in retirement benefits and interest income than he had declared. According to the Commissioner, the additional income resulted in a tax deficiency of $1,635 plus $36 in accrued interest. Staples conceded his receipt of the additional income but disputed his increased tax liability, arguing he was entitled to claim a loss deduction for the amount of money OPM withheld from his FERS annuity.

Staples submitted an amended 2015 tax return, asserting his loss-deduction theory. The Commissioner did not process the amended return, however, and instead sent him a notice of deficiency for $1,635.

In 2018, Staples filed in the Tax Court a petition to redetermine the deficiency. He claimed he was due a refund for the 2015 tax year based on the reduction of his FERS annuity. In a pretrial memorandum, he explained that "OPM reduced [his] FERS annuity by 60% of [his] Social Security disability payments resulting in an income loss of -$7,939.00." R. at 52. Given the alleged loss, Staples asserted he was due an $808 refund.

2

Following a bench trial, the Tax Court upheld the Commissioner's deficiency determination and rejected Staples' claim for a refund. The court explained that "a deductible 'loss' simply does not include the failure to realize anticipated income." *Id.* at 245. The court also ruled it lacked jurisdiction to the extent Staples challenged OPM's calculation of his disability annuity.

In response to the Tax Court's opinion, the Commissioner and Staples submitted proposed computations for the amount of his tax liability.[1] The court rejected Staples' computations, which sought to reduce the amount of his SSDI benefits by the amount of his disallowed FERS annuity. The court then ruled there was a $1,635 deficiency on Staples' 2015 income taxes. Further, the court noted it lacked jurisdiction to address Staples' computations for tax years other than 2015.

Staples requested a new trial, which the Tax Court construed as a motion for reconsideration. He argued he was in the process of disputing OPM's reduction of his FERS annuity and that the court had violated his constitutional rights and erroneously determined he was trying to deduct "(non real) income," R. at 258. The court denied

---

[1] Under Tax Court Rule 155, "[w]here the Court has filed or stated its opinion . . . determining the issues in a case, it may withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Court's determination of the issues, showing the correct amount to be included in the decision." T.C. Rule 155(a). Where, as here, the parties' computations "differ as to the amount to be entered as the decision of the Court, . . . the parties may, at the Court's discretion, be afforded an opportunity to be heard in argument thereon and the Court will determine the correct amount and will enter its decision accordingly." *Id.* 155(b).

3

reconsideration, concluding that the motion was untimely and replete with "dubious grievances." *Id.* at 333.

## DISCUSSION

"We review the Tax Court's determination and application of law de novo," and "we review the Tax Court's findings of fact for clear error." *Esgar Corp. v. Comm'r*, 744 F.3d 648, 652 (10th Cir. 2014). Because Staples is pro se, we liberally construe his pleadings but do not "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Staples contends the Tax Court erred in concluding that OPM's reduction of his FERS annuity is not a deductible loss. But deductions are created by statute, and Staples identifies no statute authorizing the deduction he seeks. *See INDOPCO, Inc. v. Comm'r*, 503 U.S. 79, 84 (1992) (observing that "an income tax deduction is a matter of legislative grace and that the burden of clearly showing the right to the claimed deduction is on the taxpayer" (internal quotation marks omitted)).

Although Staples equates his proposed deduction to a deduction for a gambling loss, which is statutorily authorized "to the extent of the gains from such transactions," 26 U.S.C. § 165(d), a FERS reduction is not remotely equivalent to a gambling loss. Specifically, Congress has mandated the reduction of a FERS disability annuity where, as here, the FERS participant is also entitled to SSDI benefits. *See* 5 U.S.C. § 8452(a)(2)(A). Under these circumstances, the reduction is equivalent to unrealized income, which is not deductible. *See Hort v. Comm'r*, 313 U.S. 28, 32-33 (1941)

4

(holding that a taxpayer may not "reduce ordinary income actually received and reported by the amount of income he failed to realize"); *Hendricks v. Comm'r*, 406 F.2d 269, 272 (5th Cir. 1969) (citing *Hort* for the "well settled" proposition "that a taxpayer is not allowed to reduce ordinary income actually received by the amount of income he failed to receive"); *see, e.g.*, *Marks v. Comm'r*, 390 F.2d 598, 599 (9th Cir. 1968) (affirming Tax Court's decision disallowing taxpayer's loss deduction for the salary differential between clerk-typist job and teacher position where taxpayer could no longer teach). We conclude that the Tax Court did not err in rejecting Staples' proposed deduction and his related claim for a refund.

Staples next advances a litany of arguments the Tax Court rejected on jurisdictional grounds. For instance, he maintains the Commissioner defamed him and violated the Americans with Disabilities Act and the Rehabilitation Act. He also complains that OPM purposefully omitted information from a tax form and violated the federal Privacy Act. The Tax Court has only "limited jurisdiction," however, and it "lacks general equitable powers." *Comm'r v. McCoy*, 484 U.S. 3, 7 (1987).

The Tax Court's jurisdiction was framed here by the notice of deficiency. *See Keller Tank Servs. II, Inc. v. Comm'r*, 854 F.3d 1178, 1187 (10th Cir. 2017) (describing a deficiency notice as "the taxpayer's jurisdictional ticket to the Tax Court" (internal quotation marks omitted)). Thus, the Tax Court had jurisdiction to redetermine Staples' 2015 tax deficiency and to consider his related refund claim. But no statute conferred jurisdiction over his other claims. *See Harbold v. Comm'r*, 51 F.3d 618, 621 (6th Cir. 1995) (observing "that the Tax Court may only exercise jurisdiction to the extent

5

expressly permitted by Congress" (internal quotation marks omitted)); *see, e.g.*, *Norris v. Comm'r*, T.C. Memo 2001-152, 81 T.C.M. (CCH) 1816, 2001 WL 715854, at *2 (June 26, 2001) (stating that the Tax "Court does not have jurisdiction to decide employee benefit entitlement issues that fall within the purview of various departments and agencies of the United States Government"), *aff'd*, 46 F. App'x 582 (9th Cir. 2002).[2] And Staples' attempt to apply his loss-deduction theory to prior tax years was, as the Tax Court noted, beyond its jurisdiction. *See* 26 U.S.C. § 6214(b) ("The Tax Court in redetermining a deficiency of income tax for any taxable year . . . shall have no jurisdiction to determine whether or not the tax for any other year or calendar quarter has been overpaid or underpaid.").

Finally, Staples argues that the Tax Court's determination is the result of due-process and equal-protection violations, as well as judicial bias against pro se litigants. But he provides no tangible support for this argument, and we "will not consider issues adverted to in a perfunctory manner." *Armstrong v. Arcanum Grp., Inc.*, 897 F.3d 1283, 1291 (10th Cir. 2018) (ellipsis and internal quotation marks omitted). Moreover, we note that the Tax Court afforded Staples "reasonable notice and a meaningful opportunity to be heard," *Standard Indus., Inc. v. Aquila, Inc.* (*In re C.W. Mining Co.*), 625 F.3d 1240, 1245 (10th Cir. 2010), by allowing him to testify and submit

---

[2] Insofar as Staples challenges the rejection of his loss-deduction theory via claims not presented to the Tax Court, we do not consider them. *See McCoy*, 484 U.S. at 6 (stating that "the court of appeals lacks jurisdiction to decide an issue that was not the subject of the Tax Court proceeding").

supporting documentation.  Although the Tax Court ultimately rejected his arguments, that is not evidence of bias.  *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010).

## CONCLUSION

We affirm the Tax Court's decision.

Entered for the Court


Nancy L. Moritz
Circuit Judge